**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-02068-RM-MEH

ABADE IRIZARRY,

    Plaintiff,

v.

JAMES CRONE,

    Defendants.

---

## ORDER
---

Before the Court is the Recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 57) to grant Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 36). For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation. The deadline for responding to the Recommendation has come and gone without a response from Plaintiff. "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

Because Plaintiff proceeds pro se, the magistrate judge liberally construed his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The magistrate judge determined that Defendant's Motion could be resolved based on the factual allegations in the complaint

regarding conduct that occurred inside the Morgan County Sheriff's Office on July 26, 2018, from the time when Plaintiff and his associate entered the building to make a public records request until they left at Defendant's insistence.  The magistrate judge found Plaintiff failed to meet his burden of establishing that Defendant's conduct—demanding that Plaintiff leave and threatening to arrest him if he refused to do so—violated clearly established law, and therefore Defendant was entitled to qualified immunity.

The Court agrees that Plaintiff has not identified authority clearly establishing that Defendant's alleged conduct violated Plaintiff's rights under the First, Fourth, or Fourteenth Amendments, and that the cases Plaintiff cited in response to Defendant's Motion are readily distinguishable from the circumstances of this case.  A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of the right at issue are sufficiently clear that every reasonable official would have understood that what he was doing violates that right.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  The Court concludes the magistrate judge's analysis was sound and discerns no clear error on the face of the record.

Therefore, the Court ACCEPTS the Recommendation (ECF No. 57) and GRANTS the Motion to Dismiss (ECF No. 36).  The Clerk is directed to CLOSE this case.

DATED this 5th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge